UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) CASE NO. CR408-019 |
| BEN DA ZHU, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PRELIMINARY ORDER OF FORFEITURE**

Before the Court are the United States' Motions for the issuance of a Preliminary Order of Forfeiture. (Docs. 33 & 34.) After careful consideration, it is HEREBY **ORDERED** and **ADJUDGED**:

1. As the result of the guilty plea of Defendant Ben Da Zhu (Defendant Zhu) to Count One of the Indictment for which the Government sought forfeiture pursuant to 18 U.S.C. § 982(b)(1), Defendant Zhu shall forfeit to the United States $20,000.00 ("Subject Property") in lieu of the real property named in the Indictment and known as 14 Dogwood Street, Hinesville, Georgia.

2. The Court has determined, based on Defendant Zhu's Rule 11 hearing and Plea Agreement, that the Subject Property is subject to forfeiture as a result of Defendant Zhu's guilty plea as to the illegal acts alleged in Count One of the Indictment and that the government has

established the requisite nexus between such property and the offenses to which Defendant Zhu has pled.

3. Upon the entry of this Order, the United States Immigration and Customs Enforcement or its designee for the Southern District of Georgia shall seize the Subject Property and maintain custody of Subject Property until a Final Order of Forfeiture is entered.

4. Upon the entry of this Order, the United States Attorney for the Southern District of Georgia is authorized to conduct any discovery he deems necessary to identify, locate or dispose of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon the entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

7. Any person, other than Defendant Zhu, asserting a legal interest in the Subject Property may, within thirty

days of the final publication of notice or within 30 days from the date actual notice is served or no later than 60 days after the first day of publication on the official internet government forfeiture site, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1), incorporating by reference, 21 U.S.C. § 853(n)(6).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. This Order becomes the Final Order of Forfeiture if no petitions are filed within the time permitted by 21 U.S.C. § 853.

SO ORDERED this 17th day of September, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4